UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TED BONIECKI,

      Plaintiff,

v.

CITY OF ROSEVILLE,

      Defendant.

Case No. 2:21-cv-12401
District Judge Laurie J. Michelson
Magistrate Judge Kimberly G. Altman

_____/

## REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (ECF No. 12)

### I.    Introduction

This is a civil rights case under 42 U.S.C. § 1983.  On October 12, 2021, Plaintiff Ted Boniecki (Boniecki) filed a complaint against the City of Roseville alleging constitutional violations relating to real property he owns and which the City of Roseville has requested he register.  *See* ECF No. 1.  Under 28 U.S.C. § 636(b)(1), all pretrial matters have been referred to the undersigned.  (ECF No. 6).  Before the Court is Boniecki's motion for preliminary injunction.  (ECF No. 12).  For the reasons discussed below, the undersigned RECOMMENDS that the motion be DENIED.

1

## II.    Legal Standard

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (citation omitted).  A plaintiff bears the burden of demonstrating entitlement to preliminary injunctive relief. *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000).  Such relief will only be granted where "the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).  When considering a motion for injunctive relief, the Court must balance the following factors: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury absent preliminary injunctive relief; (3) whether granting the preliminary injunctive relief would cause substantial harm to others; and (4) whether the public interest would be served by granting the preliminary injunctive relief. *Certified Restoration Dry Cleaning Network*, 511 F.3d 540, 542 (6th Cir.  2007).  "Mere injuries, however substantial, are not enough.  Rather, 'the harm alleged must be both certain and immediate, rather than speculative or theoretical.' " *Hudson v. Caruso*, 748 F. Supp. 2d 721, 730 (W.D. Mich. 2010) (quoting *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 154 (6th Cir. 1991)).  "This is because the preliminary injunction is

an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied only in [the] limited circumstances which clearly demand it." *Leary*, 228 F.3d at 739 (internal quotation marks and citation omitted, alteration in original).

## III.    Analysis

Boniecki's motion is difficult to understand.  As the City of Roseville notes, "[Boniecki's] failure to provide any factual or legal support for his pending [m]otion in contravention of [c]ourt [r]ules and legal precedent makes it extremely difficult to respond accordingly."  (ECF No. 13, PageID.59)  Nonetheless, after a liberal reading of his motion, the undersigned believes that Boniecki is primarily making two requests: (1) a preliminary injunction stopping the City of Roseville from enforcing unnamed ordinances and (2) an order barring the City of Roseville from taking his deposition.  (ECF No. 12, PageID.51-52)  Each request will be addressed in turn.

The City of Roseville argues that the motion for preliminary injunction is deficient on its face because it fails to address any of the four elements that must be met in order to obtain a preliminary injunction.  (ECF No. 13, PageID.60).[1]

_____

[1] The City of Roseville also notes that the motion does not comport with the Michigan Court Rules, particularly because it does not contain a brief in support. Although the Michigan Court Rules do not apply in federal court, Boniecki's

Indeed, the "motion makes no mention of irreparable harm, how the harm to the applicant absent such an injunction outweighs the harm it would cause to the adverse party, [Boniecki's] likelihood of prevailing on the merits, whether there will be harm to the public interest if an injunction is issued, and the lack of remedies available at law." (*Id.*, PageID.63). Moreover, the motion contains no facts. It does not state what ordinances are at issue, nor does it state how the unnamed ordinances are harming Boniecki. As such, the undersigned is unable to determine whether the requisite elements are met. Accordingly, because Boniecki has not carried his burden of showing his entitlement to the "extraordinary remedy" of a preliminary injunction, *Overstreet*, 305 F.3d at 573, his motion should be denied.

Regarding Boniecki's request that this Court prevent the City of Roseville from taking his deposition, that request should be denied. By bringing a lawsuit against the City of Roseville, Boniecki has opened himself up to discovery including the taking of his deposition. *See* Fed. R. Civ. P. 26(b)(1); *see also Johnson v. Johns*, No. 2:02-CV-33, 2:02-CV-34, 2005 WL 1308058, at *1 (W.D. Mich. May 19, 2005) (stating that "the court denied plaintiff's motion to deny defendants motion to take plaintiff's deposition explaining that defendants have the

---

motion does not comply with E.D. Mich. LR 7.1 which also requires a separate brief in support.

right to take plaintiff's deposition."), *report and recommendation adopted*, 2005 WL 1968815 (W.D. Mich. Aug. 16, 2005).  Thus, Boniecki is not entitled to an injunction preventing the City of Roseville from taking his deposition or otherwise engaging in discovery.

IV.    Conclusion

For the reasons state above, it is RECOMMENDED that Boniecki's motion for preliminary injunction (ECF No. 12) be DENIED.


Dated: May 2, 2022                           s/Kimberly G. Altman
Detroit, Michigan                            KIMBERLY G. ALTMAN
                                             United States Magistrate Judge

<strong><u>NOTICE TO PARTIES REGARDING OBJECTIONS</u></strong>

The parties to this action may object to and seek review of this Report and Recommendation.  Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

5

*Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 2, 2022.

s/Carolyn M. Ciesla
CAROLYN M. CIESLA
Case Manager