UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TED BONIECKI,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CITY OF ROSEVILLE,<br><br>　　　　Defendant. | Case No. 21-12401<br>Honorable Laurie J. Michelson<br>Magistrate Judge Kimberly G. Altman |

**OPINION AND ORDER OVERRULING BONIECKI'S OBJECTIONS TO THE REPORT AND RECOMMENDATION [17] AND ADOPTING THE REPORT AND RECOMMENDATION [14]**

Ted Boniecki filed a *pro se* complaint against the City of Roseville. (ECF No. 1.) He alleges that the City violated the Constitution when it asked him to register his property as a "non-owner[-]occupied housing structure." (*Id.* at PageID.2, 12, 15.) The case was referred to Magistrate Judge Kimberly G. Altman pursuant to 28 U.S.C. § 636(b)(1). (*See* ECF No. 6.)

In time, Boniecki filed a two-page motion for preliminary injunction seeking (1) an order "to stop the city/defendant from using these ordinances described in the complaint" and (2) to "excuse/cancel any deposition answers and deadlines." (ECF No. 12, PageID.51–52.) The City opposes the motion, arguing that Boniecki's "failure to provide any factual or legal support for his pending Motion . . . makes it extremely difficult to respond[.]" (ECF No. 13, PageID.59.)

Magistrate Judge Altman largely agreed, noting that "Boniecki's motion is difficult to understand." (*See* ECF No. 14, PageID.69.) She concluded that Boniecki

failed to address the elements that must be met for a preliminary injunction and recommended that the Court deny the motion. (*Id.* at PageID.70–71.) Boniecki filed three objections. (ECF No. 17.) The City never responded, and the time to do so has passed.

Because the Court finds that Boniecki's objections are meritless, it overrules them and adopts the Report and Recommendation.

## I. Legal Standard

When a party objects to a magistrate judge's Report and Recommendation, a district judge reviews the issues raised by the objections de novo; there is no obligation to review un-objected to issues. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012). But "[t]he district court need not provide de novo review where the objections are frivolous, conclusory or general. The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (cleaned up). Accordingly, objections should be "specific in order to focus the busy district court's attention on only those issues that were dispositive and contentious." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

## II. Boniecki's Objections

The magistrate judge recommended denying the motion because Boniecki failed to identify—let alone satisfy—the elements required for a preliminary

injunction. (ECF No. 14, PageID.70.) The Court agrees. *See Enchant Christmas Light Maze & Mkt. Ltd. v. Glowco, LLC*, 958 F.3d 532, 539 (6th Cir. 2020) (A preliminary injunction is an "extraordinary and drastic remedy" that should not be granted unless the plaintiff, "by a clear showing, carries the burden of persuasion."). As the Report noted, Boniecki's motion "makes no mention of irreparable harm, how the harm to the applicant absent such an injunction outweighs the harm it would cause to the adverse party, [Boniecki's] likelihood of prevailing on the merits, whether there will be harm to the public interest if an injunction is issued, and the lack of remedies available at law." (ECF No. 14, PageID.70.) And the Court agrees that "[b]y bringing a lawsuit against the City of Roseville, Boniecki has opened himself up to discovery including the taking of his deposition." (ECF No. 14, PageID.70.)

Boniecki filed three objections, arguing that the magistrate judge: (1) had not "liberally construed" his motion in order to identify the challenged ordinances; (2) incorrectly stated that the motion contains no facts; and (3) misunderstood the discovery-related relief sought. (ECF No. 17.)

The Court will overrule all of the objections because none of the issues objected to are "dispositive and contentious." *Howard*, 932 F.2d at 509. Simply put, the magistrate judge did not recommend denying the motion for any of the reasons Boniecki identified. So even if the magistrate judge had "liberally construed" the motion, even if the motion contained sufficient facts, and even if the discovery-related relief sought was clear, this Court would still find that Boniecki has not shown he deserves a preliminary injunction.

3

### III. Conclusion

Accordingly, Boniecki's objections to the Report and Recommendation are OVERRULED. (ECF No. 17.) The Court ADOPTS the Report and Recommendation (ECF No. 14), and the motion for preliminary injunction is DENIED (ECF No. 12).

SO ORDERED.

Dated: May 26, 2022

                                                      s/Laurie J. Michelson
                                                      LAURIE J. MICHELSON
                                                      UNITED STATES DISTRICT JUDGE